**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**2008 33' CONTENDER MODEL TOURNAMENT VESSEL,**<br><br>   **Defendant,**<br><br>**JULIO DE JESÚS-GOMEZ, TANIA DE JESÚS GOMEZ,**<br><br>   **Claimants.** | **Civil No. 12-01721 (ADC)** |

**OPINION AND ORDER**

Before the Court is the United States of America's ("plaintiff") motion for entry of default (**ECF No. 27**), plaintiff's motion to strike ("motion to strike") claimants Julio L. de Jesús Gómez ("Mr. de Jesus"), Tania de Jesús Gómez ("Ms. de Jesús"), and Luquillo Boat Glass, Inc.'s (collectively "claimants") claims and answer and for default judgment (**ECF No. 28**), and claimants' opposition to plaintiff's motion to strike and motion for entry of default ("opposition") (**ECF No. 30**). For the foregoing reasons, plaintiff's motion for entry of default and motion to strike are **GRANTED**.

I.   **Procedural Background**

The procedural history of this action is drawn from the parties' submissions and it is not in dispute. The instant case is a civil forfeiture action brought by plaintiff against a 2008 33' Contender Model Tournament Vessel ("defendant vessel"). **ECF No. 2**. A complaint against defendant vessel was filed by plaintiff on September 4, 2012. *Id*. On March 8, 2013, claimants, represented by Attorney Luis R. Rivera Rodríguez ("Attorney Rivera"), filed an answer (**ECF No. 16**) to claim ownership of the defendant vessel. Statements of interest by

**Civil No. 12-1721 (ADC)**                                                                                      **Page 2**

Mr. de Jesús and Ms. de Jesús were attached to, and filed concurrently with, the answer. **ECF No. 16-1, 16-2.**

Claimants filed a motion to stay the instant civil forfeiture proceedings on October 30, 2014 on the basis that the individual claimants are defendants in a criminal case (**Criminal Case No. 12-192**) where the defendant vessel is also involved. **ECF No. 20**. On November 5, 2014, the Court denied claimants' motion to stay without prejudice, and requested from claimants an update regarding the status of the underlying criminal case. **ECF No. 22**. Claimants and Attorney Rivera did not respond to the Court's request to furnish information, nor did they re-submit their motion for a stay. Shortly thereafter, plaintiff's special interrogatories (the "interrogatories"), pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), were served on claimants by e-mail on November 12, 2014. **ECF No. 29** at 1.

On December 4, 2014, claimants filed a motion for an extension until January 5, 2015 to answer the interrogatories ("first motion for extension"). **ECF No. 23**. The Court granted the first motion for extension and ordered claimants to answer the interrogatories by January 5, 2015, with the forewarning that no further extensions would be granted. **ECF No. 24**. On January 7, 2015, claimants filed an "emergency" motion for an extension ("second motion for extension") to answer the interrogatories by January 15, 2015. **ECF No. 25**. The Court denied the second motion for extension on the basis that a month-long extension had already been granted to claimants, and that claimants had been forewarned by the Court that no further extensions to answer the interrogatories would be granted. **ECF No. 26**.

On January 20, 2015, plaintiff filed a motion for default entry (**ECF No. 27**), and the motion to strike (**ECF No. 28**). Claimants filed an informative motion on January 26, 2015 to inform the Court that claimants' answers to the interrogatories were served on plaintiff on

**Civil No. 12-1721 (ADC)** **Page 3**

January 26, 2015.[1] **ECF No. 29** at 2.  The opposition (**ECF No. 30**) was filed by claimants on the same date.

## II. Legal Standard

### A. Discovery Rules and Sanctions in a Civil Forfeiture Action

Rule G of the Supplemental Rules ("Rule G") "governs a forfeiture action in rem arising from a federal statute." Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions G(1). Where Rule G fails to address a procedural issue that arises out of a civil forfeiture action, the Federal Rules of Civil Procedure apply. *Id*. Rule 37 of the Federal Rules of Civil Procedure ("Rule 37") provides guidance as to when sanctions may be imposed for discovery failures, and the type of sanctions a court may impose. Fed.R.Civ.P. 37.

It is long established that a trial court has discretion to "choose appropriate sanctions when a party does not comply with procedural rules." *United States v. One 1987 BMW 325*, 985 F.2d 665, 657 (1st Cir. 1993); *see also Jensen v. Frank*, 912 F.2d 517, 524 (1st Cir. 1990) (sanctions, including sanctions for failure to comply with discovery order, is "a matter for the district court's discretion.").

### B. Standing in a Civil Forfeiture Action

"Standing is a threshold consideration in all cases, including civil forfeiture cases." *United States v. One-Sixth Share of James J. Bulger in All Present and Future Proceeds of Mass Million Lottery Ticket No. M246233*, 326 F.3d 36, 40 (1st Cir. 2003). In a civil forfeiture case, a claimant must have both statutory standing and Article III standing (often described as "constitutional standing") to sustain its claim. *Id*. To establish statutory standing in a civil

---

[1] Although claimants' informative motion actually states that the answers to the interrogatories were served on plaintiff on December 26, 2015, this date appears to be a typographical error. **ECF No. 29** at 2. The opposition states that the service date of the answers to the interrogatories was January 26, 2015. **ECF No. 30** at 2. Since the date stated in the opposition appears more consistent with the record and the filings in the case, the Court will consider the same to be the actual date that the answers to the interrogatories were served.

**Civil No. 12-1721 (ADC)** **Page 4**

forfeiture claim, a claimant must comply with the statute that confers on the claimant its right to file a claim, including relevant provisions of the Supplemental Rules. *Id*. at 40-41. As for constitutional standing, a claimant must demonstrate an ownership or possessory interest in the defendant property. *Id*. at 41.

### III. Parties' Arguments

#### A. Plaintiff

Plaintiff avers that claimants' failure to answer plaintiff's Rule G(6) interrogatories[2] allows plaintiff to move to strike claimants' claims and answer pursuant to Rule G(8)(c)(i). **ECF No. 28** at 3. Plaintiff contends that since claimants' answer and claims should be stricken for their failure to answer the interrogatories, and no other claims have been made by persons other than claimants, default judgment should be entered accordingly. *Id*.

#### B. Claimants

Claimants do not dispute that they have failed to answer the interrogatories timely. Nonetheless, claimants assert in the opposition that service of their answers to the interrogatories makes plaintiff's motion to strike moot. **ECF No. 30** at 2. Furthermore, claimants state that sanctions should not be imposed because plaintiff did not allege that it suffered any prejudice as a result of claimants' failure to answer the interrogatories timely, nor did plaintiff file a motion to compel under Rule 37(a). *Id*. at 3.

Lastly, claimants aver that the interrogatories were improper, as answering the same would threaten claimants' Fifth Amendment right against self-incrimination. *Id*. at 4-7. In fact, a significant portion of claimants' opposition discusses the impropriety of the

---

[2] While claimants did eventually serve their answer to the interrogatories, such answer was not served until 6 days after plaintiff filed its motion to strike claimants' answer and claim. Thus, plaintiff's assertion that claimants failed to answer the interrogatories was factually correct when plaintiff's motion to strike was filed, and more so in light of the fact that this Court had denied claimants' request for an extension to serve the answer 19 days before claimants purportedly served the answer.

**Civil No. 12-1721 (ADC)**                                                                                                                         **Page 5**

interrogatories due to alleged Fifth Amendment violations, and the merit of claimants' claims on the defendant vessel. *Id*. at 4-7.

## IV. Discussion

### A. Discovery Sanction under Supplemental Rule G(8)(c)(i)(A)

Rule G(6)(a) of the Supplemental Rules allows the government to serve special interrogatories, which must be limited to the claimant's identity and relationship to the defendant property, on a claimant. Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions G(6)(a). The purpose of Rule G(6)(a) is to prevent a person who has no colorable claims over defendant property from proceeding with his claim. *United States v. 2007 33' Hydra Sport Vessel*, 59 F. Supp. 3d 417, 419 (D.P.R. 2014). A claimant must answer the government's special interrogatories within 21 days after the same are served. Supp. R. Adm. Or Mar. Cl. & Asset Forfeiture Actions G(6)(b). Rule G(8)(c)(i)(A) of the Supplemental Rule permits the government to move to strike a claim or an answer if a claimant fails to comply with Rule G(6). Supp. R. Adm. Or Mar. Cl. & Asset Forfeiture Actions G(8)(c)(i)(A).

Claimants' do not dispute their failure to answer the interrogatories timely. On November 12, 2014, plaintiff served the Rule G(6) interrogatories on claimants. **ECF No. 28** at 2. Under Rule G(6), claimants had until December 3, 2014 to answer the interrogatories. While claimants filed a motion for an extension to answer the interrogatories on December 4, 2014, said motion was filed after the 21 day deadline to answer had passed. **ECF No. 23**. Thus, claimants failed to comply with the deadline set out by Rule G(6).

Despite claimants' non-compliance with Rule G(6), plaintiff did not object to claimants' first motion for extension, and this Court granted said motion in the interest of resolving this matter on its merits rather than through discovery sanctions. **ECF No. 24**. Claimants were ordered to answer the interrogatories by January 5, 2015, a date requested by claimants in their first motion for extension. **ECF Nos. 23, 24**. Claimants were forewarned that no further extensions would be granted. **ECF No. 24**. On January 7, 2015, two days after the deadline

requested by claimants and ordered by the Court had passed, claimants filed the second motion for extension **ECF No. 25**. In the second motion for extension, claimants requested an additional 8 days to answer the interrogatories. *Id*. Thus, claimants had once again failed to answer the interrogatories timely and failed to comply with the Court's discovery order.

As the Court had already warned claimants that they would not receive any additional extension, and claimants did not state in the second motion for extension any extenuating circumstances that would move this Court to revisit its decision, the Court denied claimants' second motion for extension. **ECF No. 26**. Since claimants repeatedly failed to comply with Rule G(6) despite given an additional month to do so, plaintiff was well within its right to file a motion to strike claimants' answer and claims pursuant to Rule G(8)(c)(i)(A).

Although plaintiff properly filed the motion to strike claimants' answer and claims under Rule G(8)(c)(i)(A), Rule G(8) does not explicitly state when such a motion should be granted. Except for a brief note in the Advisory stating that "[n]ot every failure to respond to [Rule G](6) interrogatories warrants an order striking the claim," neither the text of Rule G nor its Advisory Committee Notes provides clear guidance as to when a court may grant such a motion. Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions, R. G Advisory Committee Notes. Nevertheless, since Rule G(8) specifically allows the government to file a motion to strike when a claimant fails to comply with Rule G(6), it stands to reason that Rule G(8) anticipated courts granting the same for such failures. *See 2007 33' Hydra Sport Vessel*, 59 F. Supp. 3d at 419-20 (citing cases and striking claimant's answer and claim pursuant to Rule G(8)(c)(i)(A) when claimant repeatedly failed to adequately respond to Rule G(6) special interrogatories); *see also United States v. Vazquez-Alvarez*, 760 F.3d 193 (2nd Cir. 2014) (affirming default judgment when lower court struck claimants' answer and claims for claimants' failure to answer Rule G(6) special interrogatories). Consequently, based on claimants' repeated failure to answer plaintiff's interrogatories timely, which led to their failure to establish

statutory standing, the Court now strikes claimants' answer and claims pursuant to G(8)(c)(i)(A).

### B. Discovery Sanction under Federal Rule of Civil Procedure 37

Even if the Court deems Rule G to be silent on when a court may strike a claimant's answer and claim, and therefore Rule 37 should apply to discovery sanctions in a civil forfeiture case, the Court would still have the discretion to strike the claimants' answer and claims in the instant case. This is especially so as a court in a civil forfeiture action is not bound strictly by the provisions of Rule 37; the importance of Rule G(6) special interrogatories in forfeiture proceedings "may justify a somewhat more demanding approach than the general approach to discovery sanctions under Rule 37." Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions, R. G(8) Advisory Committee Notes.

Before the Court reviews claimants' actions under Rule 37 for sanctionable conduct, it will first address claimants' assertion that discovery sanctions pursuant to Rule 37 should not be imposed since plaintiff did not file a motion to compel discovery. **ECF No. 30** at 3. Indeed, the First Circuit Court of Appeals previously held that a court may sanction a party who fails to answer special interrogatories only if the government first files a motion for an order to compel such answer and the party refuses to comply with such order. *One 1987 BMW 325*, 985 F.2d at 660-61. However, the circumstances in the current case are vastly different from those in *United States v. One 1987 BMW 325*.

Although plaintiff has not filed a motion to compel discovery in this case, this Court, as opposed to the trial court in *One 1987 BMW 325*, specifically ordered claimants to answer the interrogatories, **ECF No. 24**, which order the claimants undisputably violated. More importantly, the procedural rules regarding civil forfeiture have undergone significant changes in 2006, 13 years after the *One 1987 BMW 325* opinion was issued in 1993. As previously mentioned, Rule G not only provides procedural rules to guide the progression of a civil forfeiture action, it also codifies actions that the government may take against

**Civil No. 12-1721 (ADC)**                                                                                    **Page 8**

non-responsive claimants. As a result, many of the holdings in *One 1987 BMW 325*, such as "Admiralty Rules are completely bereft of guidance concerning what measures may be appropriate when parties fail to serve answers to interrogatories in a full and timely fashion . . . the Admiralty Rules make no provision whatever for discovery sanctions," are no longer applicable. *See One 1987 BMW 325*, 985 F.3d at 659.

Furthermore, the First Circuit Court of Appeals held in a later opinion that while a party has a right to file a motion to compel, "this right is not an obligation." *Resolution Trust Corp. v. North Bridge Assocs.*, 22 F.3d 1198, 1206. (1st Cir. 1994). As such, "a discovering party's failure to invoke Rule 37 celeritously will not excuse the guilty party's failure to furnish required discovery in a timely manner." *Id*. Given the uncontested fact that claimants failed to comply with the Court's discovery order, the Court may properly impose sanctions on claimants under Rule 37(b) even though plaintiff never filed a Rule 37(a) motion to compel discovery. This is especially so in light of the Court's entitlement to take a more demanding approach than a typical Rule 37 review in a civil forfeiture action. Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions R. G(8) Advisory Committee Notes.

As claimants' violations of the discovery rules and order are not disputed, the Court now examines the record to determine what type of sanction, if any, it should impose on claimants. Under Rule 37, a court may sanction a party litigant for its failure to comply with a discovery order or to answer interrogatories. Fed.R.Civ.P. 37(b), (d). To evaluate whether a Rule 37(b) sanction should be imposed for the violation of discovery rules or orders, a court may consider substantive factors such as: (1) the severity of the violation; (2) the legitimacy of the party's excuse; (3) repetition of violations; (4) the deliberateness of the misconduct; (5) mitigating excuses; (6) prejudice to the other side and to the operations of the court; and (7) the adequacy of lesser sanctions. *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015). However, such factors merely act as a guide, and they are not to be applied mechanically. *Benítez-García v. González-Vega*, 468 F.3d 1, 5 (1st Cir. 2006). An offending

litigant should also be provided procedural safeguards before discovery sanctions are imposed. *AngioDynamics*, 780 F.3d at 435. These procedural safeguards include notice to the offending litigant regarding the possibility of sanctions, and the opportunity to explain its misconduct and argue against the imposition of sanction. *Id*.

The procedural safeguards required to impose discovery sanctions have been satisfied. In the Court's order granting the first motion for extension, claimants were specifically forewarned that no further extension would be granted. **ECF No. 24**. As such, claimants were put on notice that they must answer the interrogatories by the new, self-imposed deadline, and the Court would not allow them to do so once the deadline had passed. Furthermore, claimants had the opportunity to, and did, offer reasons for its failure to comply with the discovery rules and the Court's order in the opposition. Since both procedural safeguards have been satisfied, the Court now considers the substantive factors for sanctions.

> **1. Repetition of Violation, Deliberateness of Misconduct, and Severity of Violation**

Since repetition of violation, deliberateness of misconduct, and severity of violation can all be gleaned from a simple review of claimants' actions, these factors will be considered together. As stated above, claimants allowed the statutory deadline to answer the interrogatories to pass before filing the first motion for extension. Claimants then requested, and received, the extension they sought (33 days), yet failed to answer the interrogatories by this self-imposed deadline. Furthermore, claimants did not file their second motion for extension until two days after claimants' self-imposed deadline had passed. **ECF No. 25**. As such, claimants have twice committed discovery violations by ignoring two separate discovery deadlines to answer the interrogatories.

Claimants, through their second motion for extension (which was subsequently denied by this Court), requested an extension of the deadline to answer the interrogatories to January 15, 2015. *Id*. However, claimants did not serve the answers to the interrogatories until

**Civil No. 12-1721 (ADC)**                                                                                            **Page 10**

January 26, 2015, 11 days past the extension they requested in the second motion for extension, and 5 days after plaintiff had filed the motion to strike claimants' answer and complaint. **ECF Nos. 25, 28, 29**. Thus, had the Court granted claimants' second motion for extension, despite forewarning that it would not entertain such a motion, claimants would have failed to answer the interrogatories by their self-imposed deadline yet again.

Despite repeated failures to adhere to statutory, court ordered, or even self-imposed deadlines to answer the interrogatories, claimants only answered the interrogatories after plaintiff's motion to strike was filed. This behavior suggests that claimants were determined to violate discovery deadlines and withhold discovery until their claims were at risk of being stricken. When a litigant is granted an extension for a deadline to the date it proposes, failure to meet such deadline "warrants an inference of deliberate manipulation." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 47. (1st Cir. 2002). Thus, claimants' failure to meet multiple deadlines, including self-imposed deadlines, for the same discovery demand demonstrates repeated and deliberate violations of the discovery rules and the Court's order.

Claimants did not answer the interrogatories until 54 days after the original statutory deadline of December 3, 2014, and 21 days after the court-ordered and self-imposed deadline of January 5, 2015. Claimants' chronic delay in answering the interrogatories, coupled with their repeated and deliberate violations of the discovery deadlines, lead the Court to conclude that claimants' failure to answer the interrogatories was sufficiently severe to warrant sanctions.

### 2. Prejudice to Plaintiff and to the Operations of the Court

Claimants' noncompliance with discovery rules and the Court's discovery order, though it may not have prejudiced plaintiff, negatively affected the operation of the Court. Claimants state in the opposition that the motion to strike should be denied as moot because claimants eventually did answer the interrogatories, and that plaintiff has not been prejudiced by their untimely answers to the interrogatories. **ECF No. 30** at 2-3. However, a party is not

free to flout discovery deadlines as long as it eventually complies with the discovery request; and claimants provide neither case law nor statutory authorities to support such an argument. To the contrary, the First Circuit Court of Appeals has held that in determining appropriateness of discovery sanction, "the presence or absence of prejudice [to a litigant] is not determinative." *Tower Ventures*, 296 F.3d at 47. Therefore, even if the plaintiff has indeed not been prejudiced by claimants' failure to timely answer the interrogatories, a lack of prejudice does not preclude claimants from being sanctioned for such failures.

Moreover, a court has an independent interest in administering its docket and a "strong institutional interest in ensuring that litigants honor court orders." *Id*. Consequently, a "court's efforts at stewardship are undermined where . . . a party cavalierly flout the court's scheduling orders." *Id*. The Rule G(6) special interrogatories are essential tools for a court and the government to ferret out frivolous and non-meritous claims in a civil forfeiture case, and thus conserving judicial resources. *2007 33' Hydra Sport Vessel*, 59 F. Supp. 3d at 419. In fact, the Rule G(6) special interrogatories are such an important tool in determining standing in a civil forfeiture case that courts are advised to take a more demanding approach than a typical Rule 37 review when considering the imposition of discovery sanctions. Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions G(8) Advisory Committee Notes.

Here, claimants have missed two deadlines to answer the interrogatories, despite the Court's forewarning that no further extensions to the second deadline would be granted. **ECF No. 24**. Claimants' failure to answer the interrogatories timely prevented the government and the Court from examining the merits of their claims, which forced the Court to continue expending judicial resources on said claims. Consequently, claimants' failure to honor the Court's order to answer the interrogatories timely has negatively impacted the Court's interest in administering its docket and judicial efficiency.

### 3. Legitimacy of Party's Excuses and Mitigating Excuses

Although the above review indicates that claimants' failure to answer the interrogatories timely is clearly sanctionable, courts have traditionally excused discovery violations if good cause exists. *See Tower Ventures*, 296 F.3d at 46-47. Claimants assert in the opposition that their failure to respond to the interrogatories was the result of Mr. de Jesús' solitary confinement (**ECF No. 30** at 3). Claimants also expend a significant portion of the opposition in objecting to the interrogatories, on the basis that the same violate claimants' Fifth Amendment rights. *Id*. at 4-7. The Court now examines the record to determine if said excuses serve as legitimate mitigating factors for claimants' failure to timely answer the interrogatories.

A party's failure to answer interrogatories is not excused by objections the party has against the interrogatories unless said party has a "pending motion for a protective order under Rule 26(c)." Fed.R.Civ.P. 37(d)(2); *see also AngioDynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283, 291-92 (D. Mass. 2014), *aff'd*, 780 F.3d 429 (1st Cir. 2015). Here, Claimants did not file any such motion for a protective order before or after any of the deadlines to answer the interrogatories. Further, claimants have not previously voiced any objections to the interrogatories prior to plaintiff's filing of the motion to strike, nor have claimants requested that the Court resolve any discovery disputes stemming from such objections. As claimants did not make any formal objections to the interrogatories prior to the deadlines to answer the same, they cannot now hope to persuade the Court that such newfound objections are legitimate reasons that excuse their failure to answer the interrogatories before their own self-imposed deadline.

Additionally, the Court finds claimants' argument, that their fear of incriminating themselves led to the delay in answering the interrogatories, to be without merit. Claimants aver that since they are defendants in a criminal case that involves the defendant vessel, requiring claimants to answer the interrogatories would violate their Fifth Amendment rights

against self-incrimination.  However, claimants were given the opportunity to obtain a stay in the case by providing certain information requested by the Court, thereby avoiding the discovery process and any chance that claimants would incriminate themselves, but failed to do so. In the order denying claimants' motion to stay without prejudice, claimants were asked to provide the Court with the status of their criminal case. **ECF No. 22**.  For reasons unknown to this Court, claimants and Attorney Rivera never responded to the Court's request.  Since claimants voluntarily abandoned their efforts for a motion to stay the proceedings, they essentially consented to move this case forward.  Consequently, they may not now attempt to avoid discovery by re-invoking the same Fifth Amendment argument they abandoned through their failure to act upon the motion for a stay.

Claimants' other excuse, that Mr. de Jesús' solitary confinement was the cause of claimants' failure to timely answer the interrogatories, is likewise unavailing.  Claimants assert that Mr. de Jesús' six-months solitary confinement greatly affected his mind, which caused his "declarations [to be] extremely limited," thereby affecting his capacity to answer the interrogatories. **ECF No. 30** at 3.  Although claimants now proffer Mr. de Jesús' solitary confinement and his mental condition as a cause of their failure to answer the interrogatories timely, none of the motions requesting extensions cites Mr. de Jesús' solitary confinement as a reason for the same. **ECF Nos. 23, 25**.  Notably, in neither of these motions did Attorney Rivera provide any evidence, or even bare assertions, that he made any specific attempts to contact claimants for the purpose of answering the interrogatories. *See generally id.*

In the first motion for extension, Attorney Rivera stated simply that "counsel has not been able to meet with claimants JULIO DE JESÚS-GOMEZ AND TANIA DE JESÚS GOMEZ[sic]," without specifying why he was unable to do so. **ECF No. 23**.  In the second motion for extension, Attorney Rivera once again stated that "counsel has not been able to meet with claimants JULIO DE JESÚS-GOMEZ AND TANIA DE JESÚS GOMEZ[sic]", with the addition that Attorney Rivera had been traveling out of the jurisdiction due to the

**Civil No. 12-1721 (ADC)**                                                                                                            **Page 14**

Christmas holidays. **ECF No. 25**. Attorney Rivera did not explain to the court what prevented him from meeting with his clients to answer the interrogatories. Moreover, Attorney Rivera failed to explain why he left the jurisdiction for the Christmas holiday before completing and serving answers to the interrogatories. Lastly, Attorney Rivera failed to enlighten the Court as to why, knowing that claimants needed to answer the interrogatories by the deadline, he decided to travel out of the jurisdiction before filing the second motion for extension. As a result of Attorney Rivera's travel, claimants' second motion for extension was not filed until two days after the court-ordered deadline to answer the interrogatories had elapsed. Thus, Attorney Rivera's failure to file a motion for extension before the deadline surely cannot be blamed on the mental status of Mr. de Jesús. Rather, it appears to be a result of Attorney Rivera's own conduct. As a result, the Court is not convinced that Mr. de Jesús' solitary confinement is a legitimate or mitigating excuse for claimants' failure to answer the interrogatories by the Court ordered deadline.

Even if the Court accepts claimants' explanation that Mr. de Jesús' solitary confinement prevented him from answering the interrogatories timely, it does not explain why Attorney Rivera could not answer part of, if not most of, the interrogatories with information from Ms. de Jesús. Ms. de Jesús is described as one of the owners of the defendant vessel in the verified statement of interest. **ECF No. 1-2**. According to the answer, Ms. de Jesús is also the owner of Luquillo Boat Glass. **ECF No. 1**. Thus, Ms. de Jesús should have possessed a significant amount of the information sought by plaintiff in the interrogatories. While the opposition states that Mr. de Jesús' solitary confinement affected his ability to answer the interrogatories, it said nothing about any impediment Ms. de Jesús may have suffered which prevented Attorney Rivera from meeting with her to complete the answers to the interrogatories.

In light of the above, the Court is left unconvinced that any of the reasons proffered by claimants and Attorney Rivera constitute a legitimate excuse that mitigates claimants' violations of the discovery rules and order.

**Civil No. 12-1721 (ADC)** Page 15

### 4. Adequacy of Lesser Sanctions

The adequacy of lesser sanctions is the final factor to be examined in determining whether the sanction imposed is appropriate. Rule 37(b) provides a "veritable arsenal of sanctions" against a party who fails to comply with a court's discovery order. *Companion Health Servs. v. Kurtz*, 675 F.3d 75, 84 (1st Cir. 2012) (quoting *Crispín-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011)). The sanctions enumerated in Rule 37(b)(2)(A) are applicable to a party who fails to answer interrogatories. Fed.R.Civ.P. 37(d)(3). Specifically, where a litigant fails to obey a discovery order, a court may: (1) direct the matters embraced in the order to be taken as established; (2) prohibit a litigant from supporting or opposing certain claims; (3) strike pleadings in whole or in part; (4) stay proceedings until the order is obeyed; (5) dismiss the action in whole or in part; (6) render default judgment against a disobedient party; or (7) treat a failure to obey as contempt of court. Fed.R.Civ.P. 37(b)(2)(A).

In this case, it is clear that the sanctions described in Rule 37(b)(2)(A)(i), directing the matters embraced in the order to be taken as established, is the appropriate sanction. A stay in this case was half-heartedly sought by claimants in late 2014, thus the imposition of a stay in this matter would serve to reward, rather than punish, claimants' failure to comply with a discovery order. As Mr. de Jesús is currently in a federal detention center, and Ms. de Jesús has been released on bail but in home detention, holding the claimants in contempt is not a suitable sanction at this time. The remaining sanctions listed in Rule 37(b)(2)(A), which include prohibiting a party from supporting or opposing certain claims, striking of pleading, dismissal of action, and default judgment, are all more severe than the sanction under Rule 37(b)(2)(A)(i). Thus, the sanction the Court now imposes is the least severe applicable sanction under Rule 37(b)(2)(A), and it is not any more severe than those imposed by other courts in similar circumstances. *See Vázquez-Álvarez*, 760 F.3d at 197-98; *2007 33' Hydra Sport Vessel*, 59 F. Supp. 3d at 419-20.

**Civil No. 12-1721 (ADC)** **Page 16**

After a thorough review of the procedural history of this case, the Court finds that claimants' repeated and severe violations of the discovery rules and the Court's order, the deliberateness of such violations, and the negative impacts that they have on the operations of the Court, justify sanctions under Rule 37 that the Court now imposes. Thus, the Court now deems the matter embraced in the untimely answered interrogatories, claimants' lack of standing, as admitted in favor of plaintiff. As the court's sanction renders claimants unable to establish statutory standing required to sustain their claims, the striking of their claims and answer necessarily follow. Since the sole answer filed in response to plaintiff's complaint and all timely submitted claims of ownership of the defendant vessel are stricken, there are no outstanding claims for this Court to consider. As such, default judgment must be entered accordingly. In other words, the striking of claimants' answer and claims, along with default judgment against them, are not the sanctions now imposed by the Court, but merely the natural consequences that flowed from the Court's imposition of the Rule 37(b)(2)(A)(i) sanction.

Finally, the Court is cognizant of the fact that although Attorney Rivera appears to be solely responsible for the discovery failures described above, the sanction imposed herein will be borne exclusively by the claimants. Nonetheless, such sanction is not an unjust penalty to impose on claimants. The Supreme Court has held that a party who voluntarily chooses his attorney cannot avoid the consequences of the acts or omission of said attorney. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)(affirming dismissal of case where plaintiff's attorney, who had a history of employing dilatory tactics in said case, failed to appear for pre-trial conference). In fact, a holding to the contrary "would be wholly inconsistent with our system of representative litigation." *Id*. at 634. Thus, claimants are bound by Attorney Rivera's inaction, and the Court will not keep the claims in question alive simply because claimants were not active participants in the discovery violations.

### V. Conclusion

For the reasons set forth herein, the motion for entry of default (**ECF No. 27**) and the motion to strike claimants' answer to the complaint and claim and for default judgment (**ECF No. 28**) are **GRANTED.** The Clerk is to enter judgment accordingly.

**SO ORDERED.**

At San Juan, Puerto Rico, this 20th day of July, 2017.

**S/AIDA M. DELGADO-COLON**
**Chief United States District Judge**